O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 AHM (RCx) | | Date | May 19, 2009 |
|---|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

    Defendant American Airlines, Inc. removed this action on the basis of diversity jurisdiction. Diversity cases may be removed only where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). One of the defendants in this action – Victor Rendon – is alleged to be a citizen of California. Notice of Removal ¶ 9; Compl. ¶ 2. American Airlines argues that the Court should disregard Rendon's citizenship because he was fraudulently joined to defeat removal. Notice of Removal ¶ 9. It has not made a sufficient showing that Rendon is a sham defendant.

    While it is true that "fraudulently joined defendants will not defeat removal on diversity grounds," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), defendants will not be deemed "fraudulently joined" unless the failure to state a cause of action against them is "obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The joinder of a nondiverse defendant may be treated as "fraudulent" only where: (a) no possible cause of action has been stated against that party; (b) there is outright fraud in pleading jurisdictional facts; or (c) the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, and there is no joint, several or alternative liability. William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2007) §§ 2:670-2:671.

    American Airlines cites a number of principles and cases for the proposition that Plaintiff has no possible cause of action against Rendon, who is alleged to be Plaintiff's supervisor, because Plaintiff did not allege any facts concerning Rendon's conduct that could be the basis of a valid claim against him for harassment under California law.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 AHM (RCx) | Date | May 19, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, *et al.* | | |

However, the Court will not conclude that Rendon is a sham defendant until Plaintiff has had an opportunity to establish the basis for suing him.

Therefore, by not later than May 29, 2009, unless Plaintiff stipulates to jurisdiction based upon a finding that he has no valid claim against Rendon, Plaintiff shall SHOW CAUSE why this case should be remanded because Defendant Victor Rendon defeats the Court's removal jurisdiction. Defendant may respond to Plaintiff's showing by not later than June 5, 2009. After reviewing these papers, the Court will issue a ruling.

|  |  : |
|---|---|
| Initials of Preparer | SMO |