UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**     (In Chambers): Order to Show Cause Re: Fraudulent Joinder

## I.    INTRODUCTION & BACKGROUND

On April 8, 2009, plaintiff Marvin Suarez filed a complaint in Los Angeles County Superior Court against his former employer, American Airlines, Inc. ("American"), and his supervisor at American, Victor Rendon ("Rendon").

Plaintiff alleges that while he was employed in the Ramp Services and Cabin Services division of American, he was physically assaulted without provocation by a co-worker, resulting in severe pain in his arms, shoulders, neck and back.  Compl. ¶¶ 8-9, 12.  Plaintiff further alleges that the co-worker verbally threatened him and called him insulting names based on his sexual orientation.  Id. ¶9-10.  Plaintiff alleges that his injuries rendered him unable to use his right arm and hand.  Id. ¶ 12.  Plaintiff alleges that he returned to work several days later, and was put on light duty.  Id. ¶ 13.  Plaintiff alleges that soon after his return, he began to suffer severe anxiety and fear, as well as back and arm pain.  Id. ¶ 14.  Plaintiff alleges that, as a result of his condition, he went on disability leave.  Id.

Plaintiff alleges that, after three months on disability leave, plaintiff approached Rendon in order to give him medical documents and to request that plaintiff be allowed to return to work on light duty.  Id. ¶ 15.  Plaintiff alleges that Rendon refused to allow plaintiff to return to work because plaintiff was taking medication that caused dizziness.  Id.  Plaintiff further alleges that another American employee told him, in confidence, that neither American nor Rendon wanted plaintiff to return to work.  Id. ¶ 16.

Plaintiff alleges that, a few months after his initial attempt to return to work, he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     JS - 6     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

contacted American several times in order to return to work on light duty. Id. ¶ 17-18. Plaintiff alleges that American responded to these requests by sending plaintiff a letter stating that he could not return to work because there were no light duty positions available, and because he was on medication. Id. Plaintiff alleges, however, that American denied his requests to return to work because of his physical disabilities, his request for reasonable accommodations and his sexual orientation. Id. ¶ 18.

Plaintiff alleges the following claims against American: (1) Disability Discrimination in violation of the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12940 et seq.); (2) failure to accommodate in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination in violation of FEHA; (5) failure to engage in the interactive work process in violation of FEHA; (6) sexual orientation discrimination in violation of FEHA; (7) harassment in violation of FEHA; (8) wrongful termination in violation of FEHA; (9) wrongful termination in violation of public policy; and (10) violation of Cal. Labor Code § 226. As to Rendon, plaintiff alleges a claim for harassment in violation of FEHA.

On May 13, 2009, American timely removed this action to this Court, asserting diversity jurisdiction. Because plaintiff requests relief in the form of general damages, special damages, lost income, prejudgment interest, punitive damages, exemplary damages, and costs and attorneys' fees, it appears from the face of the complaint that the jurisdictional amount has been satisfied. For diversity purposes, plaintiff is a citizen of California. Compl. ¶ 3. American is a Delaware Corporation with its principal place of business in Texas and Rendon is a California citizen. Notice of Removal ¶ 7; Compl. ¶2. American maintains, however, that Rendon has been fraudulently joined to this action, and plaintiff's joinder of Rendon should be disregarded.

After removal, this case was originally before Judge A. Howard Matz. On May 19, 2009, Judge Matz issued an order to show cause as to why this action should be remanded for lack of diversity. On May 28, 2009, the case was transferred to this Court.

On May 29, 2009, plaintiff filed his response to the Court's order to show cause. On June 5, 2009, American filed its reply. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.     LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA  JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42). In accordance with this high standard, courts must resolve all issues of fact and all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

### III. DISCUSSION

FEHA prohibits both harassment and discrimination. See Cal. Gov. Code §§ 12940(a) & (j)(1). Under FEHA, individuals who are not themselves employers may be sued for harassment, but not for alleged discrimination or wrongful termination in violation of public policy. See. Reno v. Baird, 18 Cal. 4th 640, 663 (1998). As stated in Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 63 (1996),

> harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.

By contrast, discrimination claims "arise out of the performance of necessary personnel management duties." Id.

Janken adopted the delegable authority test to distinguish conduct actionable as discrimination from conduct actionable as harassment, stating that

> the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment. Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc. in order to carry out the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

> legitimate objectives of personnel management. Every supervisory employee can insulate himself or herself from claims of harassment by refraining from such conduct. An individual supervisory employee cannot, however, refrain from engaging in the type of conduct which could later give rise to a discrimination claim. Making personnel decisions is an inherent and unavoidable part of the supervisory function.

Id. at 64 (citations and footnote omitted). Thus, the court held that "commonly necessary personnel management actions" such as hiring and firing, job and work station assignments, promotions or demotions, performance evaluations, and the like do not come within the meaning of harassment. Id. at 65. On the other hand, harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." Id. This distinction between discrimination and harassment under FEHA was adopted by the California Supreme Court in Reno. Reno, 18 Cal. 4th at 645-47.

Plaintiff argues that Rendon's conduct, repeatedly denying plaintiff the opportunity to return to work on light duty, falls outside of the scope of necessary personnel management duties. Plaintiff argues that Rendon's repeated denials were unnecessary and motivated by malice towards plaintiff on account of his disability and sexual orientation. Plaintiff further contends that Rendon publicly complained about plaintiff's disability to other employees in order to ostracize plaintiff at American. Plaintiff further claims that another employee at American told him that neither American nor Rendon wanted plaintiff to return to work.

Plaintiff argues that, because Rendon's alleged conduct falls outside the scope of necessary personnel management duties, his conduct gives rise to a valid harassment claim under FEHA. Accordingly, plaintiff argues that Rendon is not a sham defendant. Finally, plaintiff argues that further discovery should be permitted in order to determine whether or not Rendon is, in fact, a sham defendant.

American responds that plaintiff's allegations are insufficient to state a claim for harassment under FEHA against Rendon. American contends that plaintiff "cannot resist the fraudulent joinder analysis by arguing that future discovery might turn up a factual basis for alleging [his claims] against th[e] resident defendant[]." TPS Utilicom Servs. V.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

AT&T Corp., 23 F. Supp. 2d 1089, 1103 (C.D. Cal. 2002)

    Additionally, American argues Rendon's conduct regarding plaintiff's return to work falls within the scope of personnel management. See Velente-Hook v. Eastern Plumas Health Care, 368 F. Supp. 2d 1084, 1103 (E.D. Cal. 2005) (citing Reno v. Baird, 8 Cal. 4th 264 (1998)) ("For purposes of a harassment claim, [refusal to provide reasonable accommodations] squarely fit[s] within the scope of personnel management decisions.").

    Furthermore, American argues that plaintiff's allegations fail to state a claim for harassment. American argues that, in order to state a harassment claim against Rendon, plaintiff must demonstrate "severe and pervasive" conduct that is both "subjectively and objectively offensive." Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 609-10 (1989); Lyle v. Warner Bros. Telegraph Prod., et al., 8 Cal. 4th 264 (2006). American argues that plaintiff's allegation that someone else told him that Rendon did not want plaintiff in the workplace fails to meet this standard because this conduct was not directed directly at plaintiff. Since plaintiff did not "witness the incident[]...[it] 'cannot [have] affect[ed]...[his] perception of the hostility of the work environment." Lyle, 38 Cal. 4th at 285 (citing Fisher, 214 Cal. App. 3d at 611).

    Finally, American argues that plaintiff's allegation that Rendon complained to others about his disability is not properly before the Court. Nonetheless, American argues that there is no evidence to support the contention that such conduct was directed at, or witnessed by, plaintiff. American further argues that, since plaintiff did not witness any of the alleged conduct, it could not have affected his working environment. Accordingly, American argues that these allegations are insufficient to state a claim of harassment under FEHA against Rendon.

    American may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against Rendon; however, American has not shown that there is "absolutely no possibility" that plaintiff can establish a cause of action against Rendon in state court. Green, 707 F.2d at 205. It cannot be said as a matter of law that this alleged conduct was not "outside the scope of necessary job performance." Janken, 46 Cal. App. 4th at 63 (1996). It also cannot be said as a matter of law that Rendon's alleged conduct was not "engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-03392 CAS (AJWx) | Date | June 10, 2009 |
|---|---|---|---|
| Title | MARVIN SUAREZ v. AMERICAN AIRLINES, INC.; ET AL. | | |

As such, the Court is unable to conclude that Rendon is a sham defendant. Rendon's presence in this action defeats diversity and divests this Court of subject matter jurisdiction. Therefore, this action must be remanded to state court.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby REMANDS this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |